## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

AQUA PENNSYLVANIA, INC.,

        Plaintiff,

                           Case No. 2:25-cv-01101

v.                            Hon. Paul S. Diamond

ARKEMA INC., INDIVIDUALLY and as
successor to Sartomer USA, LLC,

        Defendant.

_____/

## DEFENDANT ARKEMA INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Arkema Inc. ("Arkema"), through its attorneys, Troutman Pepper Locke LLP, hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint and its Jury Demand.

## PRELIMINARY STATEMENT

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Arkema denies each and every allegation of the Complaint that is not expressly admitted herein.

## I.      INTRODUCTION

1.      Denied. As the allegations in paragraph 1 purport only to summarize the allegations in the Complaint, no response is required. Arkema denies any liability to Plaintiff as alleged in the Complaint.

2.      Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, leaves Plaintiff to its proofs.

1

3.      Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and, therefore, leaves Plaintiff to its proofs.

4.      Denied. To the extent the allegations in paragraph 4 state conclusions of law, no response is required. To the extent they are deemed factual, Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and, therefore, leaves Plaintiff to its proofs.

5.      Denied.  Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, therefore, leaves Plaintiff to its proofs.

6.      Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, leaves Plaintiff to its proofs.

7.      Admitted in part, denied in part. To the extent the allegations in paragraph 7 state conclusions of law, no response is required. To the extent they are deemed factual, Arkema admits only that Arkema, through its Sartomer Americas business unit, currently has a manufacturing site at 610 S. Bolmar St. in West Chester, Pennsylvania. Arkema answers these allegations and all other allegations in the Complaint on its behalf only, and not on behalf of any other entity, including those referenced in paragraph 7. Arkema denies any allegation that it is liable, as successor or otherwise, for the alleged acts or omissions of any other entity, including those referenced in paragraph 7. Arkema denies the remaining allegations in paragraph 7.

8.      Denied. In further response, Sartomer Americas presently produces specialty acrylate and methacrylate monomers and oligomers used by other manufacturers at its Bolmar Street site.

9.      Denied. Arkema denies that it used PFOA, PFOS and PFNA, as alleged in paragraph 9. As the purported definition of "PFAS" in the Complaint is not a legally defined term under the statutes or regulations asserted in the Complaint, and includes potentially thousands of unspecified, unregulated substances other than PFOA, PFOS and PFNA, Arkema is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and leaves Plaintiff to its proofs.

10.     Admitted in part, denied in part.  Arkema admits that the Bolmar Street manufacturing site lies in and along the Goose Creek watershed and denies the remainder of the allegations made in paragraph 10 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations.

11.     Denied.  Arkema denies that the Bolmar Street manufacturing site is a source of PFOA, PFNA, PFOS or any other PFAS in Goose Creek.  Arkema is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and, therefore, leaves Plaintiff to its proofs.

12.     Denied. Arkema denies that the Arkema denies that the Bolmar Street manufacturing site was a source of PFOA, PFNA, PFOS or any other PFAS "flowing ultimately towards Plaintiffs' [sic] Water System…."  Arkema is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and, therefore, leaves Plaintiff to its proofs.

13.     Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied. Arkema denies that the Complaint "is not asserting or addressing any of Plaintiff's PFAS claims arising from or connected to Aqueous Film-Forming Foam ("AFFF")," and expressly reserves its right to move to transfer the case or re-notice it "as a potential tag-along in MDL No. 2873" *See*, August 8, 2025, Order Vacating Conditional Transfer Order, *In re Aqueous Film-Forming Foam Products Liability Litigation*, United States Judicial Panel on Multidistrict Litigation, MDL No. 2873. To the extent the remaining allegations in paragraph 17 purport only to summarize the allegations in the Complaint, no response is required. Arkema denies any liability to Plaintiff as alleged in the Complaint.

## II.    JURISDICTION AND VENUE

18.    Arkema neither admits nor denies the allegations in paragraph 18 for the reason that they state conclusions of law to which no response is required. To the extent a further response is required, Arkema reserves its right to contest jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), or on any other basis, and denies any and all remaining allegations contained in this paragraph.

19.    Arkema neither admits nor denies the allegations in paragraph 19 for the reason that they state conclusions of law to which no response is required. To the extent a further response is required, Arkema reserves its right to contest venue under 28 U.S.C. § 1391(b), 42 U.S.C. § 9613(b), or on any other basis, and denies any and all remaining allegations contained in this paragraph.

20.      Arkema neither admits nor denies the allegations in paragraph 20 for the reason that they state conclusions of law to which no response is required.  To the extent a further response is required, Arkema reserves its right to contest jurisdiction under 42 Pa. Cons. Stat. § 5301, 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), or on any other basis, and denies any and all remaining allegations contained in this paragraph.

### III.    PARTIES

21.      Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, leaves Plaintiff to its proofs.

22.      Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, leaves Plaintiff to its proofs.

23.      Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, therefore, leaves Plaintiff to its proofs.

24.      Denied. To the extent the allegations in paragraph 24 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

25.      Admitted.

26.      Admitted in part, denied in part.  To the extent the allegations in paragraph 26 are deemed factual, Arkema admits only that Arkema, through its Sartomer Americas business unit, currently has a manufacturing site at Bolmar Street, and denies the remainder of the allegations as they state conclusions of law to which no response is required.

27.      Denied. Arkema denies that it used PFOA, PFOS and PFNA, as alleged in paragraph 27. As the purported definition of "PFAS" in the Complaint is not a legally

defined term under the statutes or regulations asserted in the Complaint, and includes potentially thousands of unspecified, unregulated substances other than PFOA, PFOS and PFNA, Arkema is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27, and leaves Plaintiff to its proofs.

28.     Denied.

29.     Denied.

30.     Arkema neither admits nor denies the allegations in paragraph 30 for the reason that they state conclusions of law to which no response is required.

### IV.     FACTUAL ALLEGATIONS AS TO ALL COUNTS

31.     Denied. Arkema admits only that "PFAS" generally refers to chemical compounds that contain fluorine and carbon atoms.  After reasonable investigation, Arkema lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 31 pertaining to unspecified types of "PFAS," and therefore denies the same.

32.     Denied. Arkema admits only that PFOA and PFOS each contain eight carbon atoms.  After reasonable investigation, Arkema lacks sufficient knowledge or information to form a belief as to the remainder of the allegations of paragraph 32 and therefore, denies the same.

33.     Denied. Arkema admits only that PFNA contains nine carbon atoms.  After reasonable investigation, Arkema lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore, denies the same.

34.     Denied. Arkema admits only that PFOS, PFOA, and PFNA contain carbon-fluorine bonds.  Arkema lacks knowledge or information sufficient to form a belief as to

what is meant by "exceptionally strong and stable," or "resist[ant] [to] degradation" in unspecified conditions, and therefore denies all allegations regarding the same. Arkema denies any and all remaining allegations contained in this paragraph.

35.    Denied.  Arkema lacks knowledge or information sufficient to form a belief as to what is meant by "unique properties" or "significant threats" under unspecified conditions, and Arkema therefore denies all allegations contained in this paragraph.

36.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, therefore, leaves Plaintiff to its proofs.

37.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, therefore, leaves Plaintiff to its proofs.

38.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, therefore, leaves Plaintiff to its proofs.

39.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, leaves Plaintiff to its proofs.

40.    Denied. Arkema lacks knowledge or information sufficient to form a belief as to what is meant by "extreme persistence" or "elevated levels of exposure," and the allegations in this paragraph are simplified and incomplete characterizations of complex scientific and medical matters. Arkema therefore is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 40 and, therefore, leaves Plaintiff to its proofs.

41.    Denied. Arkema is without knowledge or information sufficient to form a belief as to whether "injuries can arise and manifest" in unspecified conditions and therefore, leaves Plaintiff to its proofs.

42.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, therefore, leaves Plaintiff to its proofs.

43.    Denied.  The allegations in paragraph 43 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

44.     Denied.  The allegations in paragraph 44 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

45.    Denied.  The allegations in paragraph 45 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

46.    Denied. To the extent the allegations in paragraph 46 state conclusions of law, no response is required. To the extent they are deemed factual, Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, therefore, leaves Plaintiff to its proofs.

47.    Denied.  The allegations in paragraph 47 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

48.    Denied.  The allegations in paragraph 48 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

49.    Denied.  The allegations in paragraph 49 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

50.    Denied.  The allegations in paragraph 50 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

51.    Denied.  The allegations in paragraph 51 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

52.    Arkema neither admits nor denies the allegations in paragraph 52 for the reason that they state conclusions of law to which no response is required.

53.    Arkema neither admits nor denies the allegations in paragraph 53 for the reason that they state conclusions of law to which no response is required.

54.    Arkema neither admits nor denies the allegations in paragraph 54 for the reason that they state conclusions of law to which no response is required.

55.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and, therefore, leaves Plaintiff to its proofs.

56.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and, therefore, leaves Plaintiff to its proofs.

57.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and, therefore, leaves Plaintiff to its proofs.

58.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and, therefore, leaves Plaintiff to its proofs.

59.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and, therefore, leaves Plaintiff to its proofs.

60.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and, therefore, leaves Plaintiff to its proofs.

61.    Denied. It is denied that Arkema SA is the parent of Arkema Inc.  It is only admitted that in 2011, the interests of Sartomer USA LLC were transferred to Arkema Inc. Arkema is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 which are therefore denied.

62.     Denied.  It is only admitted that in October of 2013, Sartomer USA LLC was merged into Arkema Inc.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and, therefore, leaves Plaintiff to its proofs.

67.     Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and, therefore, leaves Plaintiff to its proofs.

68.     Admitted in part, denied in part. Upon information and belief, Arkema admits only that EPA tested Goose Creek surface water in 2019 and denies the remainder of the allegations at paragraph 68 of the Complaint because Arkema is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and, therefore, leaves Plaintiff to its proofs.

69.     Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and, therefore, leaves Plaintiff to its proofs.

70.     Denied.  The allegations in paragraph 70 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

71.    Denied. The allegations in paragraph 71 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

72.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and, therefore, leaves Plaintiff to its proofs.

73.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and, therefore, leaves Plaintiff to its proofs.

74.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and, therefore, leaves Plaintiff to its proofs.

75.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and, therefore, leaves Plaintiff to its proofs.

76.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and, therefore, leaves Plaintiff to its proofs.

77.    Denied.

78.    Denied. The allegations in paragraph 78 reference a written document that speaks for itself and, accordingly, no response is required.  Arkema denies any allegation inconsistent with the written document.

79.    Denied.  Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and, therefore, leaves Plaintiff to its proofs.

80.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and, therefore, leaves Plaintiff to its proofs.

81.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and, therefore, leaves Plaintiff to its proofs.

82.    Denied. Arkema denies that it "caused any threat to public health and the environment." Arkema is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and, therefore, leaves Plaintiff to its proofs.

83.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and, therefore, leaves Plaintiff to its proofs. In further response, Arkema denies that it is responsible for any costs allegedly incurred by Plaintiff.

84.    Denied.

## V.    SUBSTANTIVE COUNTS

### COUNT I

**Cost Recovery Liability Pursuant to 42 U.S.C. §9607 (CERCLA)**

85.    Arkema incorporates by reference its responses to paragraphs 1 through 84 as if set forth herein.

86.    Arkema neither admits nor denies the allegations in paragraph 86 for the reason that they state conclusions of law to which no response is required.

87.    Arkema neither admits nor denies the allegations in paragraph 87 for the reason that they state conclusions of law to which no response is required.

88.    Arkema neither admits nor denies the allegations in paragraph 88 for the reason that they state conclusions of law to which no response is required.

89.    Arkema neither admits nor denies the allegations in paragraph 89 for the reason that they state conclusions of law to which no response is required.

90.    Denied. To the extent the allegations in paragraph 90 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

91.    Denied.

92.    Denied.

93.    Denied. To the extent the allegations in paragraph 93 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

94.    Denied. To the extent the allegations in paragraph 94 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

95.    Denied.

## COUNT II

**Declaratory Judgment Pursuant to 42 U.S.C. §§9607(a) and 9613(g)(2) (CERCLA)**

96.    Arkema incorporates by reference its responses to paragraphs 1 through 95 as if set forth herein.

97.    Denied. To the extent the allegations in paragraph 97 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied. To the extent the allegations in paragraph 102 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

103.    Denied.

## COUNT III

### PENNSYLVANIA HAZARDOUS SITES CLEANUP ACT

104.    Arkema incorporates by reference its responses to paragraphs 1 through 103 as if set forth herein.

105.    Denied. To the extent the allegations in paragraph 105 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

106.    Arkema neither admits nor denies the allegations in paragraph 106 for the reason that they state conclusions of law to which no response is required.

107.    Arkema neither admits nor denies the allegations in paragraph 107 for the reason that they state conclusions of law to which no response is required.

108.    Denied.

109.    Denied.

110.    Denied. To the extent the allegations in paragraph 110 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

111.    Denied. To the extent the allegations in paragraph 111 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

112.     Denied. To the extent the allegations in paragraph 112 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

## COUNT IV

### NEGLIGENCE

113.     Arkema incorporates by reference its responses to paragraphs 1 through 112 as if set forth herein.

114.     Denied. To the extent the allegations in paragraph 114 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied.

119.     Denied. To the extent the allegations in paragraph 119 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

120.     Denied. To the extent the allegations in paragraph 120 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

121.     Denied. To the extent the allegations in paragraph 121 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

122.     Denied.

123.     Denied.

124.     Arkema neither admits nor denies the allegations in paragraph 124 for the reason that they state conclusions of law to which no response is required.

125.    Denied. To the extent the allegations in paragraph 125 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

126.    Denied. To the extent the allegations in paragraph 126 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

127.    Denied. To the extent the allegations in paragraph 127 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

128.    Denied.

## COUNT V

### PUBLIC NUISANCE

129.    Arkema incorporates by reference its responses to paragraphs 1 through 128 as if set forth herein.

130.    Admitted in part, denied in part. Arkema admits only that Arkema admits only that Arkema, through its Sartomer Americas business unit, currently has a manufacturing site at Bolmar Street, and denies the remainder of the allegations of paragraph 130 of the Complaint.

131.    Denied.

132.    Denied. To the extent the allegations in paragraph 132 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

133.    Denied.

134.    Denied. To the extent the allegations in paragraph 134 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

135.    Denied. Arkema is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and, therefore, leaves Plaintiff to its proofs.

136.    Denied. To the extent the allegations in paragraph 136 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

137.    Denied. To the extent the allegations in paragraph 137 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

138.    Denied. To the extent the allegations in paragraph 138 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

139.    Denied.

140.    Denied.

141.    Denied. To the extent the allegations in paragraph 141 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

142.    Denied. To the extent the allegations in paragraph 142 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

## COUNT VI

### PRIVATE NUISANCE

143.    Arkema incorporates by reference its responses to paragraphs 1 through 142 as if set forth herein.

144.    Admitted in part, denied in part. Arkema admits only that Arkema, through its Sartomer Americas business unit, currently has a manufacturing site at Bolmar Street, and denies the remainder of the allegations of paragraph 144 of the Complaint.

145.    Denied. To the extent the allegations in paragraph 146 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

146.    Denied. To the extent the allegations in paragraph 146 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

147.    Denied. To the extent the allegations in paragraph 147 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

148.    Denied.

149.    Denied. To the extent the allegations in paragraph 149 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

150.    Denied.

151.    Denied. To the extent the allegations in paragraph 151 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

152.    Denied.

153.    Denied. To the extent the allegations in paragraph 153 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

## COUNT VII

### STATUTORY VIOLATIONS AND NUISANCE

154.    Arkema incorporates by reference its responses to paragraphs 1 through 153 as if set forth herein.

155.    Denied.  To the extent the allegations in paragraph 155 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

156.    Denied.  To the extent the allegations in paragraph 156 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

157.    Denied.  To the extent the allegations in paragraph 157 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

## COUNT VII

### NEGLIGENT FAILURE TO WARN

158.    Arkema incorporates by reference its responses to paragraphs 1 through 157 as if set forth herein.

159.    Denied.

160.    Denied.

161.    Denied.  To the extent the allegations in paragraph 161 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

162.    Denied.  To the extent the allegations in paragraph 162 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

163.    Denied.

164.    Denied.

165.    Denied.  To the extent the allegations in paragraph 165 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

166.    Denied.  To the extent the allegations in paragraph 166 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

## COUNT IX

### TRESPASS

167.    Arkema incorporates by reference its responses to paragraphs 1 through 166 as if set forth herein.

168.    Denied.

20

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.  To the extent the allegations in paragraph 173 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

174.    Denied.  To the extent the allegations in paragraph 174 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

175.    Denied.  To the extent the allegations in paragraph 175 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

## COUNT IX

### NEGLIGENCE *PER SE*

176.    Arkema incorporates by reference its responses to paragraphs 1 through 175 as if set forth herein.

177.    Denied.  To the extent the allegations in paragraph 177 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

178.    Denied.

179.    Denied.  To the extent the allegations in paragraph 179 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

180.    Denied.  To the extent the allegations in paragraph 180 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

181.    Denied.  To the extent the allegations in paragraph 181 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

182.    Denied.  To the extent the allegations in paragraph 182 state conclusions of law, no response is required. To the extent they are deemed factual, they are denied.

WHEREFORE, Defendant Arkema, Inc. respectfully requests that this Court enter judgment in its favor and against Plaintiff, dismissing the Complaint in its entirety, and granting such other and further relief as the Court deems proper, including an award of its legal fees and costs.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, ratification, and/or unclean hands.

3.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4.    Plaintiff's claims are barred, in whole or in part, for the reason that the injuries or damages alleged were caused by the conduct or omissions of persons or entities over whom Arkema exercised no control.

5.    Plaintiff's claims are barred, in whole or in part, to the extent the injuries or damages alleged were caused by the superseding acts and/or omissions of an intervening party or parties.

6.    Plaintiff's claims are barred for failure to join necessary and indispensable parties.

7.    Arkema is not liable for the acts or omissions of any other person or entity, including any alleged predecessors in interest.

8.    Plaintiff is not entitled to future damages.

22

9.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to recover for damages and injuries caused by Plaintiff or any other person or potentially liable party ("PRP") who is not a party hereto.

10.    Plaintiff's claims for joint and several liability are barred because there is a reasonable basis for apportionment.

11.    Plaintiffs' claims are barred, in whole or in part, to the extent that any contamination allegedly caused by Arkema is divisible from contamination caused by any third party.

12.    To the extent that Plaintiffs have failed to avail itself of funds from unnamed third parties, including unnamed PRPs, Arkema is entitled to set-off and/or recoupment in the amount of these funds, including interest.

13.    Arkema is entitled to an offset against any liability for the greater of: (i) any amount actually paid by any person or entity heretofore or hereinafter for any of the costs, damages and expenses alleged in the Complaint; (ii) any amount stipulated or otherwise agreed to in any release or covenant not to sue any person or entity for any costs, damages, or expenses alleged in the Complaint; or (iii) the equitable share of liability of any person or entity that heretofore has received or hereinafter receives a release from liability or covenant not to sue with respect to any of the costs, damages and expenses alleged in the Complaint.

14.    Plaintiff's claims are barred because causes of action predicated on CERCLA and/or the Pennsylvania Hazardous Sites Cleanup Act do not authorize the recovery of costs that are incurred under another statutory scheme.

15.    Plaintiff's claims are barred in whole or part, by Plaintiff's failure to exercise due care.

23

16.    To the extent Arkema is found to have any liability, which Arkema denies, Plaintiff's claims must be barred or reduced to only those costs that are "necessary" and "consistent" with the National Contingency Plan, 40 C.F.R. Part 300, as mandated by CERCLA § 107(a)(4), 42 U.S.C. § 9607(a)(4).

17.    Counts I, II and III are barred to the extent any alleged discharges upon which Plaintiff's claims are based were or are permitted by the United States, the Commonwealth of Pennsylvania or any other permitting authority.

18.    Plaintiff's cost recovery claims are barred or limited, as a private party seeking natural resource damages.

19.    Plaintiff's claim for trespass is barred because Plaintiff did not and does not have the right to exclusive use and possession of the surface water or the real property on which it is located.

20.    To the extent Plaintiff's negligence-based claims are based on a duty under CERCLA or the Pennsylvania Hazardous Sites Cleanup Act, the claim is barred because the statutes provide for civil liability.

21.    Counts IV-X are subject to the doctrine of comparative negligence. *See* 42 Pa.C.S. §7102.

22.    Plaintiff's' claim for equitable relief is barred because Plaintiff has an adequate remedy at law.

23.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiffs have failed to mitigate their damages.

24.    Plaintiff's claims are barred, in whole or in part, because, (i) Arkema's conduct was in accordance with and complied with all applicable environmental laws,

regulations, industry practice and state-of-the-art knowledge, including, but not limited to, all applicable standards of care thereunder; and (ii) Arkema's conduct in accordance with such standards of care was reasonable, in good faith, and with due care for the rights, safety, and property of others.

25.     Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and Arkema may not be held liable under retroactive theories not requiring proof of fault or causation.

26.     Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute or violate the due process protections afforded by the United States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of Pennsylvania or any other state whose laws may apply.

27.     Arkema specifically incorporates by reference any and all procedural, substantive and other protections, caps and limitations provided by applicable statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages, including without limitation all standards and limitations regarding the determination and/or enforceability of punitive damage awards specified in decisions of the United States Supreme Court, including, but not limited to, *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408

(2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); and *TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993).

       28.     Arkema did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

       29.     Arkema has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, punitive damages are unwarranted in law and fact.

       30.     Punitive damages are not available because all conduct and activities of Arkema related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

       31.     To the extent any of the substances to which Plaintiff's resources were allegedly exposed are purportedly hazardous or harmful, punitive damages are not available because Arkema neither knew nor should have known that the substances to which Plaintiff's resources were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm. Arkema therefore lacked noticed that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Arkema's constitutional right to due process.

       32.     Plaintiff's Complaint does not describe the claims, events, acts or omissions with sufficient particularity to allow Arkema to ascertain what other defenses may exist at this time and, therefore, the Arkema reserves the right to assert all defenses which may pertain to the Complaint in discovery and/or once the more precise nature of the Plaintiff's claims is ascertained in the future.

## **JURY DEMAND**

Arkema demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Arkema, Inc. respectfully requests that this Court enter judgment in its favor and against Plaintiff, dismissing the Complaint in its entirety, and granting such other and further relief as the Court deems proper, including an award of its legal fees and costs.

Respectfully submitted,

/s/ _____
A. CHRISTOPHER YOUNG (#55742)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square,
Eighteenth and Arch Streets
Philadelphia, PA 19103
215.981.4000
*christopher.young@troutman.com*
*Attorneys for Defendant Arkema Inc.*

MATTHEW J. LUND (*Admission Pending*)
TODD C. FRACASSI (*Admission Pending*)
TROUTMAN PEPPER LOCKE LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
248.359.7300
*matthew.lund@troutman.com*
*todd.fracassi@troutman.com*
*Attorneys for Defendant Arkema Inc.*

Dated:  September 8, 2025

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

AQUA PENNSYLVANIA, INC.,

      Plaintiff,

                                Case No. 2:25-cv-01101-PD

v.

ARKEMA INC., INDIVIDUALLY AND AS
SUCCESSOR TO SARTOMER USA, LLC,

      Defendant.

_____/

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on September 8, 2025, I caused a copy of the foregoing Defendant Aqua Pennsylvania, Inc. Answer and Affirmative Defenses to Plaintiff's Complaint and this Certificate of Service to be electronically filed with the U.S. District Court, Eastern District of Pennsylvania, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

                           */s/*_____
                           A. CHRISTOPHER YOUNG (#55742)